**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000021**
**31-OCT-2012**
**01:12 PM**

NO. CAAP-11-0000021

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DANIEL KAHANAOI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0521)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Daniel Kahanaoi (Kahanaoi) timely appeals from the final judgment and sentence convicting him of one count of Terroristic Threatening in the First Degree in violation of Hawaii Revised Statutes (HRS) § 707-716(1)(e) (Supp. 2011),[1] which was entered on January 5, 2011 in the Circuit Court of the First Circuit (circuit court).[2] Kahanaoi challenges the judgment and sentence on the grounds that (1) there was insufficient evidence to support the conviction because the testimony presented by four prosecution witnesses was inconsistent with each other and (2) the prosecutor committed misconduct by implying that Kahanaoi had abandoned a defense because this suggestion implicated Kahanaoi's right to remain

---

[1] HRS § 707-716(1)(e) provides that "[a] person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening . . . [w]ith the use of a dangerous instrument."

[2] The Honorable Glenn J. Kim presided.

silent and shifted the burden to him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Kahanaoi's points of error as follows:

(1) At the trial, the complainants' testimony -- particularly that of Carlton Keliihoomalu -- established each of the necessary elements of the charged offense.  Accepting Kahanaoi's argument regarding the sufficiency of the evidence, therefore, would require the court to misapply the standard of review, which requires the court to view the evidence in the strongest light in favor of the prosecution, and would have the court improperly infringe on the role of the trier of fact regarding credibility determinations and the weighing of the evidence.  See State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981) (holding that the sufficiency of the evidence is reviewed in the light most favorable to the prosecution); State v. Mitchell, 94 Hawaiʻi 388, 393, 15 P.3d 314, 319 (App. 2000) ("The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence."); State v. Hopkins, 60 Haw. 540, 542, 592 P.2d 810, 812 (1979) (holding that the trier of fact may accept or reject any witness's testimony in whole or in part).

(2) "The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error."  Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984); see also Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995).  If the appellant fails to provide the necessary record, the lower court must be affirmed.  Union Bldg. Materials Corp., 5 Haw. App. at 151-52, 682 P.2d at 87.  This rule has been applied in the criminal context because the reviewing court has no basis upon which it

can determine the merits of the claim if necessary pieces of the record are missing. See State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000). Here, there is no dispute that Kahanaoi did not provide a record of the PowerPoint slide, which he identifies as the subject of the alleged prosecutorial misconduct.[3] Accordingly, Kahanaoi's failure to provide a record of the PowerPoint slide at issue means there is not a sufficient basis for this panel to review the circuit court's holding.

Furthermore, Rule 28(b)(7) of the Hawai'i Rules of Appellate Procedure (HRAP) requires an appellant's opening brief to set forth "the argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." HRAP 28(b)(7). If the appellant fails to include these components in asserting an argument, the court may consider the issue waived. Id. Put another way, "[a]n appellate court need not address matters as to which the appellant has failed to present a discernible argument." Int'l Sav. & Loan Ass'n, Ltd. v. Carbonel, 93 Hawai'i 464, 473, 5 P.3d 454, 463 (App. 2000); see also Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 108, 176 P.3d 91, 107 (2008) (holding that appellant waived issue when appellant failed to explain the reasons for her contentions that the trial court erred). In this case, Kahanaoi neither cites any legal authorities nor offers any reasoning in support of his proposition that the prosecutor's closing arguments regarding an "abandoned defense" constituted prosecutorial misconduct. Kahanaoi makes general conclusory statements but a series of conclusory assertions is not an argument, particularly where the issue is non-obvious. Given Kahanaoi's failure to provide any legal reasoning as is required

---

[3]     To the extent that Kahanaoi also intended to challenge the statements of the prosecutor, the only relevant record citations provided by Kahanaoi direct the court to the discussion amongst the attorneys and the circuit court about the slide. Accordingly, if this court were to attempt to review the prosecutor's other statements, it would be forced to guess which aspects of those statements were being challenged.

by HRAP 28(b)(7),[4] the court finds that Kahanaoi waived his second point of error. "It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir. 1986). "To do so would not only strain judicial resources . . . but would also transform the [] court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Therefore,

IT IS HEREBY ORDERED that the January 5, 2011 Final Judgment and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 31, 2012.

On the briefs:

John Schum
for Defendant-Appellant.

Presiding Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

---

[4] Kahanaoi's counsel, John Schum, is cautioned that failure to comply with court rules in the future may result in sanctions.